## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | 01:18-CR-00484-ELR-JFK |
| | * | |
| RAKIM COLEMAN, DAVID | * | |
| YEAKEY, and ARTHUR BOYD | * | |

---

# O R D E R

---

This matter is before the Court on Magistrate Judge Janet F. King's Report and Recommendation ("R&R") [Doc. 86]. Importantly, Judge King recommends that Defendant Coleman's motion [Doc. 59] to suppress cell phone evidence, motion [Doc. 60] to suppress evidence seized pursuant to federal order for Facebook data, motion [Doc. 62] to suppress cell site location information; and motion [Doc. 66] to suppress evidence seized from 5812 Coppock Lane be **DENIED**; that Defendant Coleman's motion [Doc. 61] to suppress evidence seized pursuant to search warrant for Facebook account be **DENIED** as **MOOT**; and that Defendant Yeakey's motion [Doc. 63] to suppress information for Facebook account without a

search warrant and motion [Doc. 65] to suppress evidence obtained pursuant to a warrantless vehicle search be **DENIED**.

In the time period allotted for the parties to object to the R&R, Defendants Yeakey and Coleman, by and through counsel, filed objections to the R&R.[1] [Docs. 89, 90]. For the following reasons, the Court **ADOPTS** the R&R and **OVERRULES** Defendants' objections.

## I.   LEGAL STANDARD

The district court reviewing an R&R "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  If neither party objects, the district judge need only review the R&R for clear error and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.  A party objecting to an R&R "must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted.).

---

[1] One day before objections to the R&R were due, Defendant Coleman filed a motion [Doc. 88] for extension of time to file his objections.  As the undersigned was on trial, the undersigned did not immediately review the motion, and the objections were timely submitted.  Thus, Defendant's motion [Doc. 88] is **DENIED** as **MOOT**.

If there are no specific objections made to factual findings made by the magistrate judge, there is no requirement that those findings be reviewed de novo. Garvey v. Vaughn, 993 F.2d 776, 779 n. 9 (11th Cir. 1993).  Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1)(C), and may accept the recommendation if it is not clearly erroneous or contrary to the law. Fed. R. Crim. P. 59. In accordance with 28 U.S.C. § 636(b)(1)(C), and Rule 59 of the Federal Rules of Criminal Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Defendants object and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

## II.    DISCUSSION

Defendant Yeakey objects to the Magistrate Judge's finding that Yeakey failed to establish a legitimate expectation of privacy in the vehicle he was driving immediately prior to his arrest, where Defendant presented no evidence at the suppression hearing that he was in lawful possession of the vehicle.   [Doc. 89]. Yeakey further objects to the Magistrate Judge's finding that even if he could establish that he had a legitimate expectation of privacy in the vehicle, it was properly impounded, which then allowed law enforcement to conduct an inventory search pursuant to the vehicle impound exception to the Fourth Amendment's

warrant requirement. [Id.]  Finally, Yeakey objects to the Magistrate Judge's finding that law enforcement was not required to obtain a search warrant to seize data from his Facebook account because, as the Magistrate Judge determined, Yeakey had no privacy interest in the Internet Protocol ("IP") addresses and related information obtained pursuant to court orders.[2]  [Id.]   In making this objection, Yeakey argues that the Magistrate Judge incorrectly failed to extend the holding in Carpenter v. United States, 138 S.Ct. 2206 (2018), which established privacy rights in cell site location information ("CSLI") to IP addresses and related information. [Id.]

Coleman objects to the Magistrate Judge's finding that the affidavit in support of the search warrant for a pink iPhone 6 (phone number: 317-252-3348), in which the parties agree that he has a legitimate expectation of privacy, establishes a nexus between the phone and any criminal activity committed by Coleman. [Doc. 90]. Like Yeakey, Coleman also objects to the Magistrate Judge's finding that law enforcement was not required to obtain a search warrant to seize data from his Facebook account. [Id.]   Additionally, Coleman objects to the Magistrate Judge's finding that the search warrant signed by an Indiana judge was sufficient to allow law enforcement to access information stored on the pink Iphone 6.  [Id.]  Finally, Coleman objects to the Magistrate Judge's finding that based on the other rulings,

---

[2] The Magistrate Judge also determined that even if Yeakey was able to establish a legitimate expectation of privacy in the Facebook information, the good faith exception is applicable such that the information obtained from Yeakey's Facebook account should not be suppressed.  See United States v. Leon, 468 U.S. 897 (1984).

items seized during a search conducted at 5812 Coppock Lane did not constitute fruit of a poisonous tree. [Id.]

### III.   CONCLUSION

After conducting a *de novo* review of those portions of the R&R to which Defendants object and reviewing the remainder of the R&R for plain error, this Court finds that the Magistrate Judge's factual and legal conclusions are correct. Thus, the Court **ADOPTS** the R&R [Doc. 86] and **OVERRULES** Defendants' objections. [Docs. 89, 90].   Accordingly the Court **DENIES** Defendant Coleman's motion [Doc. 59] to suppress cell phone evidence; **DENIES** Defendant Coleman's motion [Doc. 60] to suppress evidence seized pursuant to federal order for Facebook data; **DENIES** Defendant Coleman's motion [Doc. 62] to suppress cell site location information; and **DENIES** Defendant Coleman's motion [Doc. 66] to suppress evidence seized from 5812 Coppock Lane; **DENIES** as **MOOT** Defendant Coleman's motion [Doc. 61] to suppress evidence seized pursuant to search warrant for Facebook account; and **DENIES** as **MOOT** Defendant Coleman's motion [Doc. 88] for extension of time to file objections to the R&R. Additionally, the Court **DENIES** Defendant Yeakey's motion [Doc. 63] to suppress information for Facebook account without a search warrant; and

**DENIES** Defendant Yeakey's motion [Doc. 65] to suppress evidence obtained pursuant to a warrantless vehicle search.

As previously directed by the undersigned [Doc. 101], Defendants Yeakey and Coleman are scheduled for a pretrial conference on July 23, 2020, and scheduled to begin trial on August 10, 2020.[3]

**SO ORDERED**, this _18th_ day of May, 2020.

Eleanor L. Ross
United States District Judge
Northern District of Georgia

---

[3] The Court notes that Defendant Yeakey has filed a Motion to Suppress Custodial Statements [Doc. 64], which the Magistrate Judge deferred to the undersigned.  Counsel is directed to contact the Court within 30 days of the entry of this Order to inform the Court of whether they request a hearing on this motion in advance of the pretrial conference, or whether the motion can/should be heard at the pretrial conference or at the beginning of trial.